**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN LORENZO-PABLO; et al., | No. 17-71420 |
| Petitioners, | |
| v. | Agency Nos. A206-547-600 |
| | A208-304-659 |
| | A208-304-660 |
| WILLIAM P. BARR, Attorney General, | A208-304-661 |
| | A208-304-662 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Juan Lorenzo-Pablo, Paula Mendoza Ramirez, and their minor children,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

decision denying their applications for asylum, withholding of removal, and relief

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Petitioners do not challenge the agency's determinations as to past persecution, nexus, or CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not err in finding that petitioners did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). We reject petitioners' contention that the agency erred in its analysis of their social groups. Thus, we deny the petition for review as to their asylum and withholding of removal claims.

Petitioners' contentions that the agency violated their due process rights in its consideration of their claims based on landownership and family social groups fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *Matter of J-Y-C-*, 24 I&N Dec. 260, 261 n.l (BIA 2007) (issues not raised below are waived on appeal). Petitioners' contentions that the agency violated their due process rights by failing to develop the record as to their ethnicity also fail. *See Lata*, 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**